NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0063n.06

No. 20-4002

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 01, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| LAWRENCE L. WHITED, | ) ) | |
| Defendant-Appellant. | ) ) ) | |

BEFORE: CLAY, McKEAGUE, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. After contracting COVID-19, Lawrence Whited moved for compassionate release from his significant prison sentence. *See* 18 U.S.C. § 3582(c)(1)(A). The district court denied his motion on the ground that Whited remained a danger to the community. But its reasoning is now outdated in light of our recent caselaw interpreting the compassionate-release statute. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). We thus vacate the court's decision and remand so that it can reassess Whited's motion under the current standards.

In 2018, Whited pleaded guilty to conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846, and to possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). The district court sentenced Whited to 106 months in prison.

About a year and a half later, Whited filed two motions for compassionate release. He noted that he had contracted COVID-19, described his other health problems, and asserted that he had been an upstanding inmate. The district court denied his motions in a short order: "Defendant's Motions for Compassionate Release are DENIED for failure to demonstrate that he is not a danger to the community given the nature of his conviction of drug trafficking with a firearm." We review this decision for an abuse of discretion, which occurs when the court commits a legal error. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).

A district court may grant a defendant's compassionate-release motion if the relief is supported by "extraordinary and compelling reasons," "is consistent with applicable policy statements issued by the Sentencing Commission," and is justified under the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Ruffin*, 978 F.3d at 1004–05. The Sentencing Commission's only policy statement about compassionate release adds an additional requirement: that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Here, the district court denied relief on the sole ground that Whited failed to prove that he was not a danger to the community, so its decision appears to rest exclusively on § 1B1.13(2). After the court's decision, however, we held that this policy statement is not "applicable" to *defendant-filed* motions within the meaning of § 3582(c)(1)(A) because the policy statement indicates that it applies only to compassionate-release motions filed by the *Director of the Bureau of Prisons*. *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108–11. The district court's denial thus appears to be "based on a purely legal mistake": that Whited needed to meet § 1B1.13's requirements. *Ruffin*, 978 F.3d at 1005 (citation omitted). *Jones* and *Elias* now make clear that Whited did not need to do so.

2

That Whited need not satisfy § 1B1.13 does not, of course, mean that he is entitled to compassionate release. He still must establish that extraordinary and compelling circumstances exist and that the sentencing factors in § 3553(a) otherwise justify relief. *See Elias*, 984 F.3d at 519. The district court should be given the initial opportunity to consider whether Whited can meet these separate compassionate-release requirements. *Cf. United States v. Hampton*, __ F.3d __, 2021 WL 164831, at *3 (6th Cir. Jan. 19, 2021). We thus vacate its order denying Whited's motion and remand for proceedings consistent with our current precedent.